IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 98-55 |
| | ) | |
| HASAN STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 24th day of June, 2008, upon consideration of Defendant Hasan Stevens' pro se "Motion to Modify the Terms of Imprisonment" (document No. 82) filed in the above-captioned matter on April 23, 2008,

IT IS HEREBY ORDERED that said Motion is DENIED.

Defendant's motion seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendments 706 and 711 to the United States Sentencing Guidelines, which amended the Guidelines' determination of base offense levels for crack cocaine offenses.[1] He further argues that, in determining the extent of the reduction, the Court must apply the holding of United States v. Booker, 543 U.S. 220 (2005), and that the sentencing range established by the Guidelines is no longer a mandatory sentencing range.

---

[1] The Court notes that since the filing of Defendant's motion, the Sentencing Commission has also enacted Amendment 715 and made it retroactive.

1

Section 3582(c) provides that a sentencing court "may not modify a term of imprisonment once it has been imposed" except under the circumstances set forth in subsections (1) and (2). It is subsection (2) that is at issue here. That subsection provides:

> [I]n case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 of the United States Sentencing Guidelines contains the policy statements applicable for sentence reductions as a result of an amended guideline range. Subsection (c) provides that Amendments 706, 711, and 715, which pertain to the changes made in calculating base offense levels for offenses involving cocaine base, are covered by this section.

Specifically, Amendment 706 amended USSG § 2D1.1(c), which sets forth the base offense level applicable under Section 2D1.1 based on the amount of cocaine base attributable to the defendant. The amendment lowered the offense level relative to the quantity of cocaine base involved and also addressed situations where some other type of controlled substance in addition to cocaine base is also attributable to the defendant. Amendment 711 amended Amendment 706.

2

Amendment 715 essentially amended both in regard to the calculation of the base offense level when another type of controlled substance is also involved.

However, although the offense for which Defendant was convicted at Count One of the indictment in this case was possession with intent to distribute 50 grams or more of cocaine base, his sentence was not based on Section 2D1.1. Application of Section 2D1.1, based on the quantity of controlled substances involved, would have yielded an offense level of 34 and a sentencing range of 168 to 210 months.[2] However, because Defendant was convicted at Count One of violating 21 U.S.C. § 841(b)(1)(A), and because he had a prior conviction for a felony drug offense which was final, he was subject to a mandatory minimum sentence of 20 years' imprisonment. Since this statutory mandatory minimum was greater than the top of the guideline range, that minimum sentence became the guideline sentence pursuant to USSG § 5G1.1(b). Defendant was sentenced to the statutory minimum. Accordingly, he was not sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission, but rather, based on the statutory minimum sentence and Section 5G1.1(b).

Defendant's motion essentially ignores the fact that there was a statutorily-required minimum sentence in his case and the fact

---

[2] The Court notes that no other adjustments under Chapters Two or Three of the Guidelines applied in this case.

3

that he received this minimum sentence. The Guidelines make it clear that, under such circumstances, the Court has no authority to reduce his sentence pursuant to Section 3582(c)(2).

Section 1B1.10(a)(1) provides:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Application Note 1 further clarifies this point:

> Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

Since Defendant's guideline sentencing range was based on the operation of 21 U.S.C. § 841(b)(1)(A), and is not at all affected by Amendments 706, 711, and 715, these amendments do not have the effect of lowering Defendant's guideline range. Accordingly, a reduction in Defendant's sentence would be inconsistent with this policy statement. See United States v. Adrow, 2008 WL 2369640 (8th Cir. June 12, 2008); United States v. Weston, 2008 WL 1722139 (E.D.

4

Pa. Apr. 14, 2008); United States v. Veale, 2008 WL 619176 (N.D.N.Y. Mar. 3, 2008). Cf. United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) ("[T]he retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied."). See also USSG § 1B1.10, App. Note 2.

It is important to understand that 3582(c) does not simply provide a vehicle for re-opening sentences for further consideration, but rather, sets forth the exceptions to the prohibition on modifying criminal sentences. As such, the statute limits the court's jurisdiction to modify sentences except as set forth in the statute. See United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007); United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006); United States v. Cruz, 2008 WL 539216, at *4 (E.D.N.Y. Feb. 27, 2008). The language of 3582(c)(2) makes it clear that modifications of a sentence based on a subsequently amended guideline sentencing range are limited to reductions "consistent with applicable policy statements by the Sentencing Commission."[3] Therefore, for this Court to even have jurisdiction to reduce Defendant's sentence, the sentence must be consistent with the policy statements set forth in Section 1B1.10 of the Guidelines.

---

[3] The Court notes that the fact that a sentence can only be reduced under Section 3582(c)(2), and not increased, demonstrates the limited nature of the Court's ability to modify a criminal defendant's sentence.

5

In any event, nothing in Section 3582(c)(2) or in Section 1B1.10 empowers a sentencing court to disregard a statutory minimum sentence. In essence, even if this Court did technically have jurisdiction to reconsider Defendant's sentence, which it does not, it could not reduce Defendant's sentence anyway, as it would still be bound by Section 841(b)(1)(A).

Defendant makes a few other arguments which the Court also rejects. First, as noted, he argues that Booker applies and permits the Court to sentence him below the recommended guideline sentencing range. However, as discussed, Defendant was already sentenced to the statutory minimum. Booker merely rendered the Guidelines advisory, allowing the sentencing court to, if appropriate, sentence a defendant below the low end of the recommended guideline range. It in no way authorized a court to sentence a defendant below the minimum sentence required by the statute of conviction. This Court has no discretion under Booker to reduce Defendant's sentence. See United States v. Morton, 187 Fed. Appx. 222, 224-25 (3d Cir. 2006).

Defendant also argues essentially that the Government failed to prove that the controlled substance at issue was, in fact, crack cocaine. However, the Court notes that the jury found that Defendant had, indeed, possessed with the intent to distribute in excess of 50 grams of cocaine base. Defendant's arguments regarding

the nature of the evidence supporting his conviction go far beyond the scope of a Section 3582(c)(2) motion.[4]

Therefore, for the reasons stated herein, Defendant is not entitled to a reduction in sentence pursuant to Section 3582(c)(2), and his motion in denied.

                                               s/Alan N. Bloch
                                               United States District Judge

ecf:       Counsel of record

cc:        Hasan Stevens
            #06278-068
            USP Allenwood
            P.O. Box 3000
            White Deer, PA 17887

---

[4] Since, as Defendant acknowledges, he has already filed a motion pursuant to 28 U.S.C. § 2255, and since he has not obtained the certification of the Third Circuit to file a second petition as required by Section 2255(h), the Court declines to construe this motion as one brought under Section 2255. Indeed, the motion does not purport to be such a motion, but instead clearly identifies Section 3582(c)(2) as its purported basis for authority.